## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

HAYDEE LILLY,

       Plaintiff,                              Case No.

v.

BAYVIEW LOAN SERVICING, LLC,

       Defendant.

_____/

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, HAYDEE LILLY (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby sues the Defendant, BAYVIEW LOAN SERVICING, LLC (hereinafter referred to as "Defendant"), for damages and alleges in support thereof:

### JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4.  Plaintiff, Haydee Lilly, is a natural person who resides in Lee County, Florida, and is a

"consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

5.  Defendant, Bayview Loan Servicing, LLC, is a foreign limited liability company operating

from a principal address of 4425 Ponce De Leon Blvd., 4th Floor, Coral Gables, FL 33146

and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. §

559.55(7).   Defendant is a "debt collector" because, as servicer of mortgage loans, the

principal purpose of its business is the collection of debts, and it regularly collects debts

owed or asserted to be owed to other entities, such as banks which originate and/or own

such mortgage loans.    Upon information and belief, Defendant has significant and

substantial contacts with the State of Florida.

## FACTS

6.  On or about November 9, 2006, Plaintiff incurred a debt (hereinafter the "Debt") in

conjunction with a first mortgage to purchase property located at 1428 Park-Shore Circle,

Apt. 2, Fort Myers, FL 33901 (hereinafter the "Subject Property").

7.  As Plaintiff purchased the Subject Property to use as her primary personal residence, the

Debt was incurred for personal, family and household purposes and is therefore "consumer

debt" under the FDCPA and FCCPA.

8.  On or about January 26, 2010, Plaintiff sought protection from her creditors by filing a

voluntary Chapter 7 bankruptcy petition with the United States Bankruptcy Court for the

Middle District of Florida, Fort Myers Division, case no. 9:10-bk-01534. *See* **Exhibit "A"**

attached hereto.

9.  In the schedules filed with the petition in this case, a debt was listed as being owed to

BAC Home Loans Servicing, LP (hereinafter "BAC") in association with the first

mortgage on the Subject Property. *See* **Exhibit "B"** attached hereto.

10.    Plaintiff's Statement of Intentions, filed with the bankruptcy petition and schedules, clearly indicate her intent to surrender the Subject Property and be discharged of the associated Debt. *See* **Exhibit "C"** attached hereto.

11.    BAC was duly listed on the mailing matrix filed with Plaintiff's bankruptcy petition. *See* **Exhibit "D"** attached hereto.

12.    On January 31, 2010, the Clerk caused a written notice of the filing, of the automatic stay, and of the 341 meeting of creditors to be mailed to all parties on the master mailing matrix by first class mail, as evidenced by the certificate of notice. *See* **Exhibit "E"** attached hereto.

13.    The 341(a) meeting of creditors was held in Fort Myers, Florida on March 9, 2010.  BAC did not attend the meeting.

14.    Plaintiff received an order discharging her debts in the Chapter 7 bankruptcy case, including the Debt at issue herein, on May 14, 2010.  The certificate of notice clearly shows that the order of discharge was mailed to BAC at several addresses. *See* **Exhibit "F"** attached hereto.

15.    At no time during Plaintiff's bankruptcy case did any party, including BAC and the Defendant, challenge the dischargeability of the debt in question.

16.    Subsequent to entry of the order of discharge in her bankruptcy case, the Debt was sold to another party, and the Defendant became servicer of the Debt on behalf of the new owner.

17.    On March 29, 2013, Hamlet I Homeowners Association, Inc. (hereinafter "Hamlet"), filed an action in the County Court for the Twentieth Judicial Circuit, Lee County Florida, case no. 13-CC-001582, to foreclose on the Subject Property.  Eventually, a final

judgment of foreclosure was issued, the Subject Property was sold via online foreclosure auction, and a certificate of title was issued to Hamlet as the winning bidder on or about August 13, 2013. *See* **Exhibit "G"** attached hereto. Accordingly, as of August 13, 2013, when the certificate of title was issued vesting title of the Subject Property in Hamlet's name, *Plaintiff herein no longer owned the Subject Property or had any legal or equitable interest therein.*

18. On or about December 2016 – well after both the bankruptcy discharge and the foreclosure sale – Defendant began sending Plaintiff monthly "Mortgage Statements", which each state an amount due to Defendant on the mortgage loan of more than $126,000.00. Each Mortgage Statement includes a tear-off payment coupon which states the total amount "due" with a due date and a late fee if payment is not received by the due date. *See* **Composite Exhibit "H"** attached hereto.

19. The Mortgage Statements sent by Defendant contain the following language: "Our records reflect that you are presently a debtor in an active bankruptcy case or you previously received a discharge in bankruptcy. This statement is being sent to you for informational purposes only. It should not be construed as an attempt to collect a debt against you personally. However, we retain our rights under the security instrument, including the right to foreclose our lien." *See* Composite Exhibit "H".

20. The Mortgage Statements also include an amount due, a payment due date, and most notably, a tear-off coupon which Defendant instructed Plaintiff to detach and include with her payment. *See* Composite Exhibit "H".

21. Included with each Mortgage Statement was a return envelope, on which the following instructions are printed: "**DON'T FORGET!** 1. Please write your loan/account number

on your check or money order. 2. Sign your check or money order. 3. Do not staple payment to return portion of statement. 4. Do not send cash through the mail. 5. Please be sure that our address shows through the window." (emphasis in original). *See* **Exhibit "I"** attached hereto.

22. Given the fact that (1) the debt in question is in connection with a mortgage loan on property that was surrendered by the Plaintiff in bankruptcy; (2) the Plaintiff no longer resided at the subject property and no longer had any interest in the Subject Property; (3) there is a detachable payment coupon included with each Mortgage Statement indicating a "total amount due" of upwards of $126,000.00; (4) each statement was accompanied by a return envelope with explicit instructions related to sending payment; and (5) the Subject Property had been lawfully sold to Hamlet, preventing the Plaintiff from making mortgage payments to retain the Subject Property even if she wanted to, *there can be no other reason for Defendant to send such billing statements other than for the purpose of collecting a debt that is no longer owed.*

23. The actions of the Defendant as alleged herein constitute willful, intentional, gross and flagrant violations of the FDCPA and the FCCPA.

24. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendant.

**COUNT I**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**Fla. Stat. § 559.72(9)**

25. Plaintiff incorporates by reference 1 – 25 of the paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant constitute violations of the FCCPA.

27.    Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer legally owed.

28.    Under the provisions of Florida Statute § 559.72(9), Defendant was and is prohibited from claiming or attempting to enforce a debt or existence of some other legal right when Defendant knows it does not exist.

29.    Defendant violated § 559.72(9) by sending the Mortgage Statements to Plaintiff in an attempt to enforce debt that had been discharged in Plaintiff's bankruptcy and was thus no longer legally owed to Defendant.

30.    As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

31.    As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77 from Defendant.

32.    Additionally, § 559.77 provides that a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiff asserts that punitive damages are appropriate in this case, and hereby reserves the right to amend her Complaint to include an allegation for punitive damages.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)(A)

33.    Plaintiff incorporates by reference 1 – 25 of the paragraphs of this Complaint as though

fully stated herein.

34.     The foregoing acts and omissions of Defendant constitute a violation of the Fair Debt Collection Practices Act.

35.     Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

36.     Defendant violated 15 U.S.C. § 1692e(2)(A), which provides that a debt collector may not make a false representation of "the character, amount, or legal status of any debt," by sending the Mortgage Statements, which falsely represented that this debt was owed despite the fact that such debt had been discharged in Plaintiff's bankruptcy.

37.     As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

38.     Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A). Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

39.     Plaintiff incorporates by reference 1 – 25 of the paragraphs of this Complaint as though fully stated herein.

40.   The foregoing acts and omissions of Defendant constitute a violation of the Fair Debt Collection Practices Act.

41.   Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

42.   Defendant violated 15 U.S.C. § 1692e(10), which provides that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt," by sending the Mortgage Statements, which demanded payment on a debt legally discharged in bankruptcy.

43.   The statements sent by Defendant were deceptive in that they asserted a "total amount due" and included a detachable payment coupon, giving Plaintiff the impression that she must pay such debt.

44.   As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

45.   Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10).  Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

46.   Plaintiff incorporates by reference 1 – 25 of the paragraphs of this Complaint as though

fully stated herein.

47.    The foregoing acts and omissions of Defendant constitute a violation of the Fair Debt Collection Practices Act.

48.    Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

49.    Defendant violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," by sending the Mortgage Statements, which were attempts to coerce payment on this alleged consumer debt, when Defendant knew that such debt had been discharged in Plaintiff's bankruptcy.

50.    The statements sent by Defendant were unfair and unconscionable in that they gave Plaintiff the impression that such debt remained owed despite the bankruptcy discharge, and further asserted a "total amount due" and included detachable payment coupons, giving Plaintiff the impression that she must pay such debt.

51.    As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

52.    Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f. Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## TRIAL BY JURY

53.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

**WHEREFORE**, the Plaintiff, HAYDEE LILLY, having set forth her claims for relief against the Defendant, BAYVIEW LOAN SERVICING, LLC, respectfully prays of the Court as follows:

- That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of actual damages pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77;

- That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of statutory damages pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77;

- That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of attorneys' fees and costs pursuant to and 15 U.S.C. § 1692k and Fla. Stat. § 559.77;

- That the Defendant be prohibited from engaging in further improper debt collection activities; and

- That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: June 30, 2017

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com

*Attorneys for Plaintiff*

By:  /s/ Joseph C. LoTempio
      Joseph C. LoTempio, Esq.
      Fla. Bar No. 0086097
      jlotempio@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _____ F l _____ )
                                    ) ss
COUNTY OF _____ lee _____ )

Plaintiff, HAYDEE LILLY, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil action.
2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this Complaint is not interposed for any improper purpose, such as to harass any party, cause unnecessary delay to any party, or create a needless increase in the cost of litigation to any party to this action.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_Haydee Lilly_
HAYDEE LILLY

Subscribed and sworn to before me this __19__ day of __June__, 20_17_ by HAYDEE LILLY who:

☐ is personally known; or

☒ produced identification __FIDl__ .

Notary Public

KHALED ABUKHDAIR
NOTARY
My Comm. Expires
(SEAL) January 6, 2020
No. FF948314
PUBLIC
STATE OF FLORIDA

-12-